No. 00-417

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 171

IN RE THE MARRIAGE OF

KATHLEEN YEANUZZI

n/k/a KATHLEEN SVERDRUP,

Petitioner and Respondent,

and

JAMES YEANUZZI,

Respondent and Appellant.

APPEAL FROM: District Court of the Nineteenth Judicial District,

In and for the County of Lincoln,

The Honorable Michael C. Prezeau, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Lucas J. Foust, Foust Law Office, Bozeman, Montana

For Respondent:

Amy N. Guth, Attorney at Law, Libby, Montana

Submitted on Briefs: December 14, 2000

Decided: August 23, 2001

Filed:

_____

Clerk

Chief Justice Gray delivered the Opinion of the Court.

¶1 James Yeanuzzi (Yeanuzzi) appeals from the judgment entered by the Nineteenth Judicial District Court, Lincoln County, on its order adopting a parenting plan for the parties' son. He questions on appeal whether the District Court erred in accepting jurisdiction over the case and in not granting him a hearing prior to adopting the parenting plan. We conclude Yeanuzzi's appeal is not properly before us and must be dismissed.

BACKGROUND

¶2 Yeanuzzi's marriage to Kathleen Yeanuzzi, now known as Kathleen Sverdrup (Sverdrup), was dissolved by the Colorado District Court for El Paso County in 1996, and Sverdrup was awarded sole custody of the parties' son. In the summer of 1998, Sverdrup and the child moved to Spokane, Washington. Yeanuzzi followed them to be close to his son. In January of 1999, Sverdrup moved to Libby, Montana. In response to this move, Yeanuzzi petitioned the Colorado court to grant him custody of the child. The Colorado court declined to modify custody, but established a new visitation plan for Yeanuzzi to take into account the distance between Washington and Montana. The Colorado court's order also stated that, because the child no longer had any contact with Colorado, the parties should move the proceeding to a more appropriate forum--either Washington or Montana.

¶3 In June of 1999, Sverdrup petitioned the Nineteenth Judicial District Court, Lincoln County, Montana, to accept jurisdiction over the case. Yeanuzzi opposed the petition to accept jurisdiction, arguing that the proper forum was either Washington or Colorado. The District Court held a hearing and entered its order accepting jurisdiction over the case. The court subsequently entered a parenting plan giving Sverdrup residential custody of the

child and setting a visitation schedule. Yeanuzzi then moved for a trial on the issues of custody and visitation or, in the alternative, to alter or amend the parenting plan. The District Court denied the motion for a trial and granted, in part, the motion to amend the parenting plan. Yeanuzzi appeals both the District Court's order accepting jurisdiction of the case and the order denying his motion for a trial.

## DISCUSSION

¶4 Yeanuzzi argues that the District Court erred in granting Sverdrup's petition to accept jurisdiction because the parties and their child do not have sufficient connections to Montana to warrant exercising jurisdiction. He asserts that, because the Colorado court expended significant time and energy in fashioning an appropriate parenting plan for the child and the parties still have ties to that state, Colorado remains the proper forum for this case. Sverdrup contends, as a threshold matter, that Yeanuzzi's appeal to this Court is not timely.

¶5 It is well-established that the time limits within which a party may appeal to this Court are mandatory and jurisdictional in nature. See, e.g., First Sec. Bank of Havre v. Harmon (1992), 255 Mont. 168, 172, 841 P.2d 521, 524. If an appellant does not perfect an appeal within the time limits set by law, we do not acquire jurisdiction to entertain and determine that appeal. First Sec. Bank, 255 Mont. at 172, 841 P.2d at 524. Consequently, we first examine the record and the applicable appellate rules to determine whether Yeanuzzi's notice of appeal was timely filed.

¶6 A notice of appeal in a civil action must be filed with the clerk of district court within 30 days of service of the notice of entry of the judgment or order appealed from. Rule 5(a)(1), M.R.App.P. In this case, Yeanuzzi served Sverdrup with a notice of entry of judgment relating to the District Court's order adopting the parenting plan on January 26, 2000, thus triggering the 30-day time limit in which to appeal from that order.

¶7 On February 7, 2000, however, Yeanuzzi timely served Sverdrup with a Rule 59, M.R. Civ.P., motion requesting, alternatively, a new trial or to alter or amend the parenting plan, and subsequently filed his motion with the District Court on February 10, 2000. Under Rule 59(d), M.R.Civ.P., the district court has 60 days within which to rule on such a motion or the motion is deemed denied. Furthermore, the time for appeal from the grant or denial of a Rule 59 motion does not begin to run until either the court enters an order on the motion or the motion is deemed denied. Rule 5(a)(4), M.R.App.P.

¶8 Here, the District Court entered its order on Yeanuzzi's motion April 6, 2000, within the 60-day time period set forth in Rule 59(d), M.R.Civ.P., and the 30-day time in which to appeal began to run. See Rule 5(a)(4), M.R.App.P. Counting from April 7, 2000, as required by Rule 21(a), M.R.App.P., the 30 days ended on May 6, 2000. That day was a Saturday, however, making the last day on which to timely file a notice of appeal the following Monday, or May 8, 2000. See Rule 21(a), M.R.App.P. Yeanuzzi did not file his notice of appeal until May 17, 2000. We conclude that Yeanuzzi failed to timely file his notice of appeal. As a result, we further conclude that we do not have jurisdiction to entertain this appeal and, therefore, the appeal is dismissed.

¶9 Sverdrup requests an award of attorney's fees on appeal as damages pursuant to Rule 32, M.R.App.P., which provides for such an award when an appeal is taken without substantial or reasonable grounds. She argues that Yeanuzzi has repeatedly sought custody of his son over a short span of time in three different states, presenting differing arguments depending on which state's court he is appearing in; she also contends that all his claims have lacked merit. Because we have not reached the merits of Yeanuzzi's issues on appeal, we are not able to determine that the appeal was brought without substantial or reasonable grounds. Moreover, even if we had reached the merits and affirmed the District Court, failure to succeed on appeal does not necessarily equate to taking the appeal without substantial or reasonable grounds. Finally, while we dismiss Yeanuzzi's appeal for lack of jurisdiction, the lack of timeliness of the notice of appeal was not blatant here and, indeed, is not the focus of Sverdrup's Rule 32 request. Sverdrup's request for attorney's fees on appeal is denied.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER