DA 06-0351

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 179N

TERRY L. WOLFE and LAURA WOLFE,

     Plaintiffs and Respondents,

  v.

JAN B. NEWMAN,

     Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                  In and For the County of Missoula, Cause No. DV-05-578
                  Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Philip J. O'Connell, Attorney at Law, Missoula, Montana

       For Respondents:

           Michael Sol, Sol & Wolfe Law Firm, Missoula, Montana

Submitted on Briefs:  June 13, 2007

Decided:  July 25, 2007

Filed:

_____
                        Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Appellant Jan B. Newman (Newman) appeals the District Court's order granting possession of a horse to Respondents Terry L. Wolfe and Laura Wolfe (collectively Wolfe). We affirm.

¶3      Newman raised and trained warm-blooded Hanovarian horses. Wolfe and Newman entered into a contract for the purchase of a gelding named Preman. The contract called for Wolfe to pay Newman $1500 in cash, plus $1500 in bartered farm labor, to be performed by Wolfe's 15-year-old son Michael, at the rate of $6.50 per hour. Newman accepted the $1500 in cash and Michael began working for Newman. Michael racked up about 240 hours over a six-month period. The contract also provided that Preman would remain at Newman's property until Wolfe paid off the contract and that Wolfe would be responsible for any feeding and veterinary bills accrued during this period.

¶4      Michael submitted his bill for his labor to Newman, who refused to pay him. Michael ultimately filed a wage and hour claim with the Department of Labor and Industry (Department) against Newman regarding the unpaid wages. The Department ruled in Michael's favor that Newman owed him approximately $1500. Newman paid Michael the outstanding wages less withholding.

¶5     In the meantime, Newman had allowed Wolfe to take Preman off the property. Newman refused, however, to provide a bill of sale for the horse. Newman demanded an additional $568 for boarding and veterinary bills. Wolfe then offered to make a separate $1500 payment to Newman to fulfill the original contract price of $3000. Newman refused the offer.

¶6     Wolfe filed an action against Newman in Justice Court. The Justice Court ultimately entered a default judgment against Newman and the District Court later vacated it. The case proceeded to trial in District Court.

¶7     The District Court ruled that the barter provision in the contract violated Montana law, and thus was unenforceable. The court concluded, however, that the Department had resolved that issue through its award to Michael. The court determined that Wolfe had paid $1500 to Newman and that Wolfe had offered to pay the remaining $1500 balance. The court further ruled that Wolfe owed Newman the $568 on the unpaid boarding costs and vet bills. The court refused to require Wolfe to return Preman to Newman. The court directed Wolfe to deposit with the clerk of court $1500 to satisfy the original contract purchase price and $568 to cover the boarding and veterinary costs for Preman. The Court further directed the clerk of court to release the funds once Newman delivered the bill of sale for Preman. Newman appeals.

¶8     Newman argues on appeal that the original contract was void and, therefore, unenforceable due to its barter provision. Wolfe counters that the District Court correctly excised that portion of the contract containing the unenforceable barter provision. Wolfe also contends that Newman's appeal is frivolous and seeks attorneys fees and costs on appeal

pursuant to M. R. App. P. 32.

¶9     The construction and interpretation of the written contract presents questions of law. *Eschenbacher v. Anderson*, 2001 MT 206, ¶ 21, 306 Mont. 321, ¶ 21, 34 P.3d 87, ¶ 21.  We review a district court's conclusions of law to determine whether the court's interpretation is correct.  *Eschenbacher*, ¶ 21.  We review a district court's findings of fact to determine whether they are clearly erroneous.  *Eschenbacher*, ¶ 22.

¶10    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions.  It is manifest on the face of the briefs and the record before us that substantial evidence supports the District Court's factual findings and that settled Montana law clearly controls the legal issues and that the District Court correctly interpreted the law.  We also are not convinced from the record that Newman took the appeal without substantial reasonable grounds and thus decline to award attorneys fees and costs to Wolfe pursuant to M. R. App. P. 32.  *In re Marriage of Yeanuzzi*, 2001 MT 171, ¶ 9, 306 Mont. 163, ¶ 9, 30 P.3d 1095, ¶ 9.

¶11    We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA COTTER

4